**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0544, <u>Santander Bank, N.A. v. Lockwood Technology Corporation & a.</u>, the court on May 31, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

Defendant Lockwood Technology Corporation (LTC) appeals the order of the Superior Court (<u>Mangones</u>, J.), following a bench trial, concluding that defendant Lockwood Worldwide, Inc. (LWW) established the superior right to funds interpleaded by the plaintiff, Sovereign Bank, N.A., now known as Santander Bank, N.A. By agreement of the parties and order of the court, the plaintiff was dismissed from the case.

LTC argues that the court erred in ordering the funds to be disbursed to LWW because: (1) the funds were derived from checks payable to "Lockwood Technology" or "Lockwood Technology Corporation" pursuant to contracts between LTC and third parties and should have been disbursed to LTC under the rules of "equitable tracing"; and (2) LWW should not be rewarded for its allegedly fraudulent misuse of LTC's name.

The financial officer for LWW testified that he received permission from his father, who was then the president of LTC, to use LTC's name on certain contracts that would be performed by LWW. The managing director of LTC's new owner testified that LWW lacked proper authorization to use LTC's name. The trial court found that LWW established the superior right to the funds because LWW, not LTC, performed the work and incurred the expenses required under the contracts.

As the appealing party, LTC has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, LTC's challenges to it, the relevant law, and the record submitted on appeal, we conclude that LTC has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
